OPINION
Plaintiffs-appellants, Harvey Steigerwald, et al., appeal a decision of the Steubenville Municipal Court granting summary judgment in favor of defendants-appellees, Mr. Jerry McCartney, et al.
In early July 1996, the Steubenville Police Department towed six vehicles in various states of disrepair belonging to plaintiffs-appellants, Harvey and Karen Steigerwald, and issued parking tickets to appellant Karen Steigerwald. The vehicles were towed and stored by Rocky's Towing Service. When the vehicles were not immediately returned, appellants, proceedingpro se, filed a lawsuit in Steubenville Municipal Court against defendants-appellees, Mr. Jerry McCartney, Steubenville's police chief, Sergeant Lulla, "Head of Traffic," and Mr. Gary Repella, Steubenville's law director.
Appellees filed an answer asserting various defenses, including governmental immunity, and a motion to dismiss. Prior to ruling on appellees' motion to dismiss the trial court held a conference in hopes of reaching a settlement agreement between the parties. The parties resolved the matter, appellees agreeing to dismiss the parking tickets and each party agreeing to pay one-half of the outstanding towing fees estimated at $200.00. The settlement agreement was embodied in an "ENTRY OF DISMISSAL RELEASE AND SETTLEMENT" filed by the trial court on June 19, 1997. Further, as part of the agreement, appellant agreed to have the vehicles towed within two weeks of the date of the entry.
On June 26, 1997, the city sent its check to Rocky's Towing Service for payment of one-half of the towing costs. During the first week of July 1997, appellants attempted to contact counsel for appellees, Michael Calabria, inquiring about what they had to do to get their cars out of storage at Rocky's. Unable to get back to appellants by phone, Mr. Calabria sent a letter to appellants on July 9, 1997. Mr. Calabria referred appellants to the settlement agreement and explained to appellees how they were to get their vehicles from Rocky's. The letter further indicated that the city had already paid Rocky's its one-half share of the towing costs.
On July 14, 1997, appellants sent a letter to Mr. Calabria's firm. Enclosed was a money order in the amount of $120.00 payable to Rocky's. The letter requested the city's assistance in obtaining release of the vehicles. Counsel for appellees forwarded the money order to Rocky's.
On July 24, 1998, appellants instituted a new lawsuit against appellees seeking enforcement of the settlement agreement and damages. Each party filed a motion for summary judgment and, on March 12, 1999, the trial court sustained appellees' motion. This appeal followed.
In this appeal, appellants are continuing to proceed prose. They have set forth three assignments of error. Each of the assigned errors attack the propriety of the trial court's decision sustaining appellees' summary judgment motion. Therefore, they will be consolidated for review and addressed collectively.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56 (C).
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence
of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 293
The "portions of the record" or evidentiary materials listed in Civ.R. 56 (C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56 (E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293
The parties' settlement agreement provided in relevant part:
 "Now Therefore, in consideration for the mutual promises and covenants contained herein, the parties agree as follows:
 "1. The vehicles towed form [sic] the premises and presently impounded shall be returned to Plaintiffs in an `as is' condition without cost to the Plaintiffs for towing from the premises or storage.
 "2. The traffic violations represented by the six tickets issued to Plaintiffs shall be dismissed.
 "3. Plaintiff claims there are five (5) vehicles in storage at Rockeys (sic) and the parties agree that four of the vehicles shall be towed by Rockeys (sic) to the Plaintiffs (sic) property in Toronto, Ohio. The fifth vehicle may be towed to the Plaintiffs (sic) property at Railroad Ave in Steubenville so long as it is not kept on the street (unless complying with city and state ordinances) and will be repaired.
 "4. The cost for the above towing will be divided equally between the city and the plaintiffs. It is estimated that the cost will be approximately two hundred dollars and each party will pay Rockeys (sic) separately and directly for the towing cost. Plaintiffs agree to have the towing completed within two weeks from the date of this entry.
 "5. Plaintiffs do hereby release, acquit and forever discharge the said Defendants and the City of Steubenville from any and all actions, causes of action, claims and demands, damages, costs and expenses known or unknown on account of or any way arising out of any personal injuries or property damage which resulted or could have resulted from the towing of the Plaintiffs (sic) vehicles which occurred on or about July 3, 1996.
 "6. Plaintiffs consent to the dismissal of their pending claim, Case No. 96 CVH 346, with prejudice to refiling.
 "It is expressly understood that this agreement is not an admission of liability by either party but is made in full accord and satisfaction of disputed claims. Each party acknowledges they have read and understand the above settlement and intend to be bound by the terms.
 "The parties having reached the above settlement, the above captioned case is hereby dismissed with prejudice; each party to bear their own costs."
In its March 12, 1999 judgment entry granting appellees' summary judgment motion, the trial court reiterated the terms of this agreement. Based on the evidence presented by each parties' motion, the trial court found that: 1) Rocky's remains ready, willing, and able to deliver the vehicles to appellants; 2) appellees have done everything required of them on the settlement agreements; and 3) appellants simply have done nothing further to make arrangements for delivery of the vehicles.
The essence of appellants' argument on appeal is that appellees have not done everything required of them in order to obtain Rocky's acquiescence in the release of their vehicles. Specifically, appellants allude to storage fees that accrued and remained unpaid, for which appellees were responsible for pursuant to the settlement agreement.
The evidence does not bear out appellants' claims. Appellees' attached to their summary judgment motion an affidavit of Frances Cutri, a manager at Rocky's. In it, Ms. Cutri acknowledges receipt of the two checks for payment of the storage and towing fees. She states that she is prepared to make delivery of the vehicles as set out in the settlement agreement. She states that she has been waiting for appellants to contact her to give her the exact information regarding where the vehicles were to be delivered. Also, she states that she contacted appellants in January 1999 to arrange for delivery of the vehicles but was informed by them that they no longer wanted the vehicles and instead wanted cash payment. In an affidavit attached to appellants' summary judgment motion, appellant Karen Steigerwald acknowledges being contacted by Ms. Cutri in January 1999 to arrange for delivery of the vehicles.
The record reveals that appellees carried out all of their obligations under the settlement agreement. Appellants continually assert that it was appellees' responsibility to have the vehicles returned to them. A plain reading of the settlement agreement reveals that it was appellants' responsibility, not appellees', to make arrangements for delivery of the vehicles. Indeed, this makes the most sense since the vehicles were the property of appellants and they would be the ones entitled to designate where the vehicles were to be delivered.
In sum, appellants failed to satisfy their burden under Civ.R. 56 and Dresher. Since there remain no genuine issues of material fact and appellees are entitled to judgment as a matter of law, the trial court did not err in awarding summary judgment in favor of appellees. Accordingly, appellants' assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs. Waite, J., concurs.
 ____________________ Gene Donofrio, Judge